Motion Under 28 U.S.C § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody

United State District Court Northern District of Illinois

Name: Norvell, Moore

Place of Confinement: USP Terra Haute

Docket No: 10 cr 896
Prisoner No: 42749-424

**FILED**
OCT - 2 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States of America          movant

          v.     Norvell, Moore

1:18-cv-06692
Judge Elaine E. Bucklo
Magistrate Judge Jeffrey T. Gilbert
(10cr896-1)

Motion

1) (a) Name and location of Court that entered the judgment of conviction you are challenging: U.S District Court Northern District of Illinois, 219 S Dearborn Chicago IL

   (b) Criminal docket: 10 CR 896

2) (a) Date of judgment of conviction: 07/12/2012
   (b) Date of sentencing: 05/03/2016

3) Length of sentence: 240 months

4) Nature of crime (all counts) 18. USC 2119 ; 18 U.S.C 924 (c) ; 18 USC 922(g)(1) Carjacking, infurtherance of Crime of Violence, Felon in possession of a firearm

5) (a) What was your plea? Not guilty

6) If you went to trial, what kind of trial did you have? Jury

7) Did you testify at pre-trial Hearing, trial? Yes ☒ No ☐

8) Did you appeal from the judgment of Conviction? Yes ☒ No ☐

9) If you did appeal answer the following:

    (a) Name of Court: United States Court of appeal for the Seventh Circuit

    (b) Docket or Case: 16-1991

    (c) Result: Affirmed, with a dissent

    (d) Date of result: March 15, 2017

    (e) Citation to the Case:

    (f) Grounds raised: Whether District Court errored when imposing a new Sentence on Count 3 of 240 months after improperly Vacating the 120 month term after a finding of Not guilty on Counts one & two after retrial.

    (2) Whether district court errored when it ruled that the government did not effectively waive the ACCA sentencing enhancement, U.S.S.G § 4B1.4(b)(3) raised for the first time at Moore's Second Sentencing

    (3) The scope of remand is determined by the language in the Appellate Opinion.

    (g) Did you file a petition for Certiorari in the United States Supreme Court? Yes ☒

        (1) Docket or case number: No 16-9579

        (2) Result: Writ of Cert Denied

        (3) Date of result: 10/02/2017

        (4) Citation to the Case (if you know):

        (5) Grounds raised: Double Jeopardy, and The Mis application of the "Sentencing package" doctrine

10. Other than the direct appeals listed above, have you previously filed any other motions petitions concerning this Judgement in any Court: No ☒

Ground One: Prosecutoral Vindictiveness and retaliatory acts in response to defendant exercising his legal right to appeal and Trial. Which resulted in a Due Process and Double Jeopardy Violation, when the Court Changed the defendant 10yr = 120 month sentence to 240 months after the Second trial and a finding of Not Guilty on Counts one and two. Count 3 had been affirmed by Appeals Court.

(a) Supporting Facts: Immediately Following a retrial and reading of Not Guilty, The jury was excused and Judge Kocoras expressed that the only thing left in this Case was to reaffirm the 10yr sentence handed down by Judge Grady on 8/28/2013 count 3.

(Please note count 3 had been affirmed by the Court of Appeals and defendant Never Appealed that Count. Also take note that the Government and/or probation officer argued that Count 3 was 0-10 and defendant had already recieved the max on that Count.)

It was at this point that the Government who had just lost at trial started to Seek imposing an additional punishment by expressing they would like to explore further enhancements on what was at the time a Max sentence, On Count 3 18.U.S.C 922(g)(1). The Government Stated they believe Count 3 was part of a Sentencing package and was unbundled therefore they were entitled to a Second P.S.I report and a Second Sentencing Hearing.

(Please note the government started Seeking Additional punishment in the Immediately aftermath of losing at trial on Count 3 which they knew defendant was already serving the Max sentence on. These actions clearly show the Government holding in reserve the (ACCA) on what was already a highly Controversial Case, Just in Case.)

On 12/09/15 the Government submitted a Second Sentence memorandum and in it stated the following in Section 3 titled "Sentencing Considerations"

"At the defendant's first Sentencing the government argued that the Statutory Maximum Sentencing for a Violation of 18 U.S.C § 922(g) was 10 years. Upon a further review Conducted by the government in advance of the defendants pending Sentencing it is the governments view that this initial position was incorrect. Instead, pursuant to 18 U.S.C § 924(e)(1) the defendant is an Armed Career Criminal and faces a statutory minimum penalty of 15 years with no Statutory Maximum Penalty."

Please note, that the government had ample opportunity to address this issue before the start of the second trial, and could have motioned this issue up during the Critical moments before trial when all the Motions in limine were being filed and in fact could have just resentenced the defendant on Count 3 under the (ACCA) without going back to trial. Over two years had passed since the first Sentencing Hearing, and during that time two Appeals and a host of pretrial motions were filed, and the government never mentioned the posibility of a incorrect Sentence.

Instead the government tatically used the Sentencing package in order to secure a second P.S.I and Sentencing hearing in order to get more time added to defendant sentence blatantly disregaurding the fact Count 3 was not interdependant upon Count one and two, nor was Count 3 part of any grouping and therefore was a stand alone sentence by statue.

The timing of this tatical move to use the Sentencing Package doctrine as a spring board to gain a concilation prize of 18 U.S.C 924(e) after losing the 924(c) at trial, raise questions to the governments intent and underling motive, and if this move was in the intrest of justice or just malign because they were dissatisfied with the trials outcome.

The actions of the government in the immediate aftermath of the trial clearly shows them holding the (ACCA) enhancement in reserve in order to spring it on the defendant at a time it became beneficial to them. The fact is that on 11/18/2015 at the end of the verdicts reading, defendant was already serving what was believed to be the maxium penalty on count three as argued by government at first sentencing hearing. So why would the government move to seek further enhancements on what was already a max term of imprisonment for count 3, this is a clear show of retaliation for having successfully attacking his first conviction.

(b) Direct Appeal of Ground One:

(1) If you appealed from judgment of conviction did you raise this issue?
Yes ☐  NO ☒

(2) If you did not raise issue, please explain why: The answer to question one is actully yes and no, all of my issues are so closely tied together that alot was mentioned in the arguement, but on direct defendant attorney focused in on the improperly vacating of the 120 month term of imprisonment and whether the District Court errored when it ruled that the government did not waive the (ACCA). Therefore the direct wasn't centered on the vindictiveness of the whole situation, or double jeopardy.

(c) Post-Conviction Proceedings

    (1) Did you raise this issue in any post-Conviction petition?   Yes

    (2) If answer is yes State:

Type of motion or petition: Petition For Writ of Certiorari

Name and location of the Court were the Petition was filed: The Supreme Court of the United States

Docket or Case number (if you know): No. 16-9579

    (3) Did you recieve a hearing on your petition?   NO

    (4) Did you appeal from denial of your petition?   NO

    (5) If your answer is Yes to (c)(4) did you raise this issue in the Appeal

    (6) If your answer is Yes to question (C)(4) State: Name + location

    (7) If your answer to question (C)(4) is "No" explain why you did not appeal or raise this issue: I'm not sure i could appeal denial of writ of Certiorari i believe this is my next step.

Ground Two: The district court Misapplied the sentencing package doctrine, Count three was not part of any sentencing package to be unbundled and resentenced after second trial and defendant did not stand convicted of any offense related to or interdependent with his 18 U.S.C §922(g)(1).

(a) Supporting facts:

The original sentence imposed by the district on Count 3 922(g)(1) Contain each of the recognized parts of an independent sentence - term of imprisonment, fine, restitution, special assesment and supervised release.

Count 3 "922(g)(1) was not interdependent upon Counts one or two, and Count 3 wasn't part of any grouping.

Count 3 was a stand-alone sentence that Judge Grady sentence defendant to on August 19, 2014 It was argued by Government that Count 3 was and or Carried a statutory Maximum sentence of 10 years. Defendent recieved the max sentence of 10 years and Count 3 was later affirmed by the Appellate Court

Lastly Moore did not stand convicted of any offense related to or interdependent with his 18.U.S.C §922(g)(1) Conviction the only remaining charge.

(b) Direct Appeal of Ground two:

(1) If you appealed from judgement of Conviction did you raise this issue?
Yes ☒  No ☐

(C) Did you raise this issue in any post-Conviction motion, petition?
Yes ☒  No ☐

(a) Type of Motion or petition: Petition For Writ of Certiorari

Name and location of the Court were Petition was filed: The Supreme Court of the United States

Docket or Case number: No 16-9579

(3) Did you recieve a hearing on your petition? NO

(4) Did you appeal from denial of your petition? NO

(5) If your answer to (C)(4) is Yes did you raise this issue in the Appeal

(6) If your answer is Yes to (c)(4) State name + location

(7) If your answer to question (c)(4) is "No" explain why you did not appeal or raise this issue: Im not sure i could appeal denial of writ of Certiorari, i believe this is my next step.

13.) Is there any ground in this motion that you have not previously presented in some federal court If so, which ground. N/A All grounds have been presented in some fashion, outside of calling the situation Vindictive outright all the facts and arguements have been previously presented. Attorney thought it was best to focus on the main issues instead of the behavior that causes the issues.

14.) Do you have any motion, petition or appeal now pending in any Court for the judgment you are challenging? Yes ☐ No ☒

15) Give the name and address, if known, of each attorney who represented

you in the following stages of the judgment you are challenging:

(a) At Preliminary hearing: Gareth G. Morris, 1704 North Dayton Street, Suite 100, Chicago IL 60614

(B) At Arraignment and plea: Gareth G. Morris 1704 North Dayton Street, Suite 100, Chicago IL 60614

(C) At Trial: Gregory T. Mitchell 18141 Dixie Highway, Suite 100 Homewood IL, 60430

(d) At Sentencing: Gregory T Mitchell 18141 Dixie Highway, Suite 100 Homewood IL, 60430

(e) On appeal: Gregory T Mitchell 18141 Dixie Highway, Suite 100 Homewood IL 60430

(f) In any post-conviction proceedings: Gregory T Mitchell

(g) On appeal from any ruling against you in a post-conviction proceeding:

16) Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court and at the same time? Yes ☐ No ☒

17) Do you have any future sentence to serve after you complete the sentence for the judgment that your challenging: Yes ☐ No ☒

## CERTIFICATE OF SERVICE

I hereby certify that on __9/26/2018__ I sent a copy of
[date]

the __Motion Under 28 U.S.C 2255__,
[name of document]

to:

__U.S Clerk of the Court__, at __219 S. dearborn, Chicago IL 60604__

_____, the last known address, by way of United States mail or courier.

__9/26/2018__  __Norwell Moore__
Date  Signature

COS Certificate of Service 11/96

Therefore, movant asks that the Court grant the following relief: <u>Movant ask that the Court Correct Sentence by Vacating the 240 month sentence and resentence back to original 10 year, 120 month sentence</u>
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ _____ (month, date, year).

Executed (signed) on _____ (date).

*Nowell Moore*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

### IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]

* * * * *

The United States District Court
For The Northern District of Illinois

Affidavit of Norvell Moore, In Support of Note 2447 R.4

This Affidavit is being filed with the Movant's Motion to Set aside, Vacate, and or Correct Sentence pursuant to §2255. This Affidavit is in Support of §2255 Rules, Supra Note 2447 R.4 Advisory Comm. Note in which "Petitioner My request disqualification of chosen judge by filing an affidavit with the court alleging the Judge will be biased."

"The trial judge may have become so involved with the decision that it will be difficult for him to review it objectively. Nothing in the legislative history suggest that "court" refers to a specific judge and the procedural advantages of section 2255 are available whether or not the trial judge presides at the hearing. The legislative history does not indicate that Congress wanted the trial judge to preside." See Developments in the Law-Federal Habeas Corpus, 83 Harv L. Rev 1038, 1206-1208 (1970)

Norvell Moore, being duly sworn, deposes and states:

1) My name is Norvell Moore, Im over the age of 18. I currently reside at Terre Haute, Ind U.S.P. Im fully competent to make this affidavit and state all the facts stated in this affidavit are true and correct.

2) I am the Movant in the pending §2255 Motion to correct my sentence that is being filed Concurrently with this affidavit.

3) I make this affidavit in support of the request to have a new judge assigned to review the pending §2255 motion.

4) The district judge that preside over the second trial and sentencing in this matter is the same Judge for who's ruling at sentencing im challenging. I feel that under the circumstance a bias situation is created. With all due respect the district judge made his position clear for which i believed was an error, so i ask that a New Judge be allowed to review the pending §2255 motion.

Signed by me on ___/___/___ at Terre Haute, In 47808

_____
Norvell Moore

Subscribed and Sworn to Before Me on ___/___/___ at Terre Haute, In 47808

_____                    _____
Notary Signature                        Notary Typed Name

Norvell Moore 42749-424
USP Terra Haute
Terra Haute In 47808

Legal-Mail

INMATE IDENTIFICATION CONFIRMED

>42749-424
Clerk of Court
219 S. Dearborn
Chicago, Il 60604

2018 OCT -2 AM 8:11
CLERK
U.S. DISTRICT COURT

10/02/2018-40

1:18-cv-06692
Judge Elaine E. Bucklo
Magistrate Judge Jeffrey T. Gilbert
(10cr896-1)

510- Motion to Vacate






RECEIVED
SEP 27 2018
BY:

FEDERAL CORRECTIONAL COMPLEX
4700 BUREAU ROAD SOUTH
TERRE HAUTE, IN 47802
DATE: _____

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence to be forwarded to another individual, please return to the above listed address.